J-S34005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIUD MONET RODRIGUEZ, SR. | |
| Appellant | No. 1799 MDA 2015 |

Appeal from the PCRA Order October 14, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000206-2012
CP-36-CR-0000207-2012
CP-36-CR-0000208-2012
CP-36-CR-0000213-2012
CP-36-CR-0000220-2012

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 23, 2016**

Appellant, Eliud Monet Rodriguez, Sr., appeals from the order dismissing as untimely his petition pursuant to the Post Conviction Relief Act ("PCRA"). Additionally, Rodriguez's court-appointed counsel, Christopher P. Lyden, Esquire, has filed an application to withdraw as counsel. After careful review, we affirm the PCRA court's order and grant Attorney Lyden's application to withdraw as counsel.

Rodriguez pled guilty to various cocaine trafficking offenses on January 9, 2013, and the trial court sentenced him immediately after the guilty plea. Of relevance to this appeal, the trial court imposed five concurrent mandatory minimum sentences based upon the weight of the cocaine at

issue pursuant to 18 Pa.C.S.A. § 7508. Furthermore, the trial court imposed a mandatory minimum sentence based upon Rodriguez's possession of a firearm pursuant to 18 Pa.C.S.A. § 9712.1.

Rodriguez did not file a direct appeal, but filed this, his first *pro se* PCRA petition on July 21, 2014. Attorney Lyden was appointed to represent Rodriguez and subsequently filed an amended PCRA petition. After notice of its intent to dismiss the PCRA petition, the PCRA court dismissed the petition on October 14, 2015. This timely appeal followed.

We will first address counsel's motion to withdraw. Pennsylvania law requires counsel seeking to withdraw from representing a petitioner under the PCRA to file a 'no-merit' letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (1988) (*en banc*). **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa. Super. 2003).

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner** and **Finley** and] ... must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

- 2 -

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the foregoing procedural requirements.[1] Accordingly, we will proceed to examine whether the issue counsel raises on appeal has merit.

Rodriguez contends that the PCRA court erred in concluding that he is not entitled to re-sentencing pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). However, it is settled that **Alleyne** does not rescue an untimely petition from the timeliness requirements of the PCRA. **See Commonwealth v. Miller**, 102 A.3d 988, 995-996 (Pa. Super. 2014). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely

---

[1] We note that although counsel incorrectly submitted his **Turner/Finley** letter as a brief pursuant to the requirements of **Anders v. California**, 386 U.S. 738 (1967), the procedure to withdraw from a direct appeal imposes stricter requirements than those imposed in a **Turner/Finley** withdrawal. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the expiration of time for seeking review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Rodriguez's judgment of sentence became final on February 8, 2013, and he had until Monday, February 10, 2014, to file a timely PCRA petition. Rodriguez did not file the instant petition until July 21, 2014, and it is therefore patently untimely. Pursuant to ***Miller***, the PCRA court was without jurisdiction to grant Rodriguez the relief requested.

We have conducted an independent review of the record and found no other issues of merit. Based on the foregoing, we agree with counsel's conclusion that the appeal lacks merit. Accordingly, we affirm the order of the PCRA court dismissing Rodriguez's PCRA petition and furthermore grant counsel's application to withdraw.

Order affirmed. Petition to withdraw as counsel is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2016

- 4 -